# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **GREGORY PAUL VIOLETTE,** | ) | |
| **and BARBARA A VIOLETTE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No.: 2:26-cv-00200** |
| | ) | |
| **v.** | ) | **Removed from the Circuit Court of** |
| | ) | **Covington County, Alabama, Case** |
| **CARRINGTON MORTGAGE** | ) | **No.: 23-CV-2026-900012** |
| **SERVICES, LLC, SHIRLEY** | ) | |
| **CARRINGTON, JOHN DOE ONE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |

## MOTION TO DISMISS

**COMES NOW** Defendant Carrington Mortgage Services, LLC

("Carrington"), by and through undersigned counsel and pursuant to Fed. R. Civ. P.

Rule 12(b)(6), hereby respectfully moves this Court to dismiss all claims asserted by

Plaintiffs Gregory Paul Violette and Barbara A. Violette (together, "Plaintiffs") in

their Complaint (the "Complaint").[1] In support thereof, Carrington states as follows:

---

[1] Plaintiffs' Complaint is attached as part of Exhibit A to Carrington's Notice of Removal. Doc. 1-1, hereinafter cited as "Compl."

1

## <u>INTRODUCTION</u>

This is the second action filed by Plaintiffs, Gregory Paul Violette and Barbara A. Violette, against Carrington and "Shirley Carrington"[2] in a matter of months. *See Violette v. Carrington Mortg. Servs. et al.*, No. 2:26-cv-00064 (M.D. Ala. Jan. 28, 2026), removed from the Circuit Court of Covington County, Alabama, No: 23-CV-2025-900180 (hereinafter, "*Violette I*").[3] Plaintiffs commenced this action (hereinafter "*Violette II*") against Carrington, Shirley Carrington, and John Doe One (the "Defendants") on February 4, 2026, by filing a Complaint in the Circuit Court of Covington County, where this case was removed from. *See* Doc. 1.

As in the prior suit, *Violette I*, Plaintiffs' claims arise in connection with a "Purchase Money Mortgage" they took out in favor of Carrington (the "Mortgage") secured by the real property located at 603 N. Main St., Opp, Alabama 36467.[4] The Mortgage was executed by Plaintiffs and notarized at the time of execution. **Ex. A**.

---

[2] As explained by Carrington in the prior action brought by Plaintiffs in this Court, and in its Notice of Removal in the present action, upon information and belief, defendant "Shirley Carrington" is a fictitious name.

[3] This is the second action recently filed by Plaintiffs against Carrington and Shirey Carrington in the Circuit Court of Covington County, Alabama, however, Plaintiffs have also initiated a suit against Carrington in Maine during this same period. *See Violette v. Carrington Mortg. Servs. et al.*, No. SKODC-REA-2026-00004 (Me. Dist. Ct., Skowhegan, Feb. 20, 2026). Plaintiffs' complaint filed in the Skowhegan District Court makes identical claims against Carrington; however, the action arises in connection with a different property.

[4] A true and correct copy of the Mortgage is attached hereto as **Exhibit A**. Generally, courts may take judicial notice of public records without converting a motion to dismiss to one for summary judgment. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010). The Mortgage is a publicly recorded document that was recorded in Covington County records on December 18, 2023 at Mortgage Book 2023, Page 21776.

In their Complaint, Plaintiffs allege five causes of action against Defendants for Declaratory Judgment, Lack of Standing/Real Party in Interest, Fair Debt Collection Practices Act ("FDCPA") Violations (15 U.S.C. §§ 1692(g), 1692(e)), Violation of the Real Estate Settlement Procedures Act's ("RESPA") implementing regulation, Regulation X (12 C.F.R. §§ 1024.35, 1024.36), Equitable Relief/Prevention of Wrongful Foreclosure, and Injunctive Relief. *See* Compl.

As the Court is aware, Plaintiff Gregory Paul Violette is a serial litigant with an extensive history of criminal and civil litigation in both state and federal courts. Not only does Plaintiff Gregory Paul Violette have a history of initiating suits against financial institutions like Carrington, but this is also the second Complaint Carrington is being forced to defend in connection with Plaintiffs' same Mortgage and Property. Consequently, Plaintiffs' claims are barred from proceeding as a matter of law. Moreover, Plaintiffs Complaint, like many of the actions initiated by Plaintiffs, fails to state any cause of action.

## LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

3

A court "considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Id.* at 664. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A complaint must nudge claims "across the line from conceivable to plausible." *Id.* at 680. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Id.* (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

**B.    *Pro Se* Litigants**

Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). A document filed *pro se* is "to be liberally construed," and a *pro se* complaint, "however inartfully pleaded, must be held to

4

less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted).

Despite this leniency, a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Importantly, a district court "does not have license to rewrite a deficient pleading," and—like complaints drafted by attorneys—a *pro se* complaint must be dismissed if it fails to state a claim on which relief may be granted. *See, e.g., Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) ("[A] district court does not have license to rewrite a deficient pleading."); *see also Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010) (leniency to *pro se* party "does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action").

## **ARGUMENT**

### I.     The Complaint Should be Dismissed in its Entirety Because it is Impermissible Claim-Splitting.

It is "well settled that a plaintiff 'may not file duplicative complaints in order to expand their legal rights.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (quoting *Greene v. H & R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010)). The Eleventh Circuit has recognized that "[t]he rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Vanover*, 857 F.3d at 841 (quoting *Katz*

*v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)) (internal quotation marks omitted). The claim-splitting doctrine recognized by the Eleventh Circuit "'requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit' and 'applies where a second suit has been filed before the first suit has reached a final judgment.'" *Est. of Brannon by & through Brannon v. Young*, No. 2:24-CV-00683-RAH, 2025 WL 1057681, at *4 (M.D. Ala. Apr. 8, 2025) (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021)).

"By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases." *Id.* Thus, the "claim-splitting doctrine" works to ensure plaintiffs cannot "'split up [their] demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails.'" *Vanover*, 857 F.3d at 841 (quoting *Stark v. Starr*, 94 U.S. 477, 485 (1876)).

Courts view claim-splitting as an "aspect of res judicata or claim preclusion," and apply a two-factor test analyzing "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Id.* (quoting *Khan v. H & R Block E. Entrs., Inc.*, No. 11-20335-Civ, 2011 WL 3269440, at *6 (S.D. Fla. July 29, 2011)). A second cause of action arises from the same transaction when it is "based upon the same nucleus of

6

operative facts" as the first. *Id.* (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004) (internal citations, quotations, and alterations omitted)).

When analyzing the second factor, the Eleventh Circuit has "adopted the transactional test" which requires weighing considerations such as "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Kennedy*, 998 F.3d at 1236 (citation omitted). "Under the transactional test, a new action will be permitted only where it raises new and independent claims, not part of the previous transaction, based on the new facts." *Id.* (citation omitted).

As noted, this is the second action Plaintiffs have filed against Carrington and "Shirley Carrington."[5] Plaintiffs' first action, *Violette I*, was also filed in the Circuit Court of Covington County and subsequently removed by Carrington to this Court. *Violette I* is currently pending before this Court, however, the question is "not whether there is finality of judgment [in the first action], but whether the first suit, assuming it were final, would preclude the section suit." *Klayman v. Porter*, No. 22-13025, 2023 WL 2261814, at *3 (11th Cir. Feb. 28, 2023).

---

[5] The first action brought by Plaintiffs also included Ted Ray, Brett Wilbur, and additional fictitious defendants, but this is irrelevant to the analysis of claim-splitting. The party seeking dismissal, Carrington, was named in both actions brought by Plaintiffs.

This action meets the first prong of the test requiring dismissal of a complaint for claim-splitting because it involves the same parties. The same Plaintiffs, Gregory Paul Violette and Barbara A. Violette, have filed suit against the same defendant, Carrington. Second, the Court must dismiss this action because *Violette I* and *Violette II* arise from the same transaction and set of facts that are "sufficiently related in time, space, origin, and motivation." *See Kennedy*, 998 F.3d at 1236. In *Violette I*, Plaintiffs brought claims for breach of contract, violation of RESPA, conversion, violation of consumer protection laws, and breach of fiduciary duty and escrow mismanagement. *See Violette I*, No. 2:26-cv-00064, Doc. 1-1. Although *Violette II* brings "new" claims for declaratory judgment, lack of standing/real party in interest, FDCPA violations, RESPA/Regulation X violations, equitable relief/prevention of wrongful foreclosure, and injunctive relief – these claims are not *independent* of those brought in *Violette I*. *See* Compl. ¶¶ 13-24.

This successive cause of action "arises from the same transaction or series of transactions" because the action is "based on the same nucleus of operative facts." *See, e.g.*, *Klayman*, 2023 WL 2261814, at *3. Plaintiffs' Complaint purports to arise in connection with Carrington's assertion that it has "authority to service, collect, and/or enforce an alleged mortgage loan associated with the Subject Property." Compl. ¶ 6. Plaintiffs "dispute Carrington's authority" and challenge its enforcement of the Note. Compl. ¶¶ 7, 8(b). Plaintiffs' claims and allegations here share the same

8

nucleus of facts giving rise to Plaintiffs' complaint in *Violette I*, that is, the underlying Note and Mortgage, and Carrington's servicing of the loan. *Compare* Compl., *with Violette I*, No. 2:26-cv-00064, Doc. 1-1.

As this Court is aware, even outside the present action, Plaintiffs have demonstrated they are vexatious and serial litigants.[6] Consistent with its purpose, the claim-splitting doctrine must bar this action from proceeding against Carrington to shield it from "vexatious and duplicative litigation" like that perpetuated by Plaintiffs. *See Klayman*, 2023 WL 2261814, at \*4 (citing *Kennedy*, 998 F.3d at 1236). Plaintiffs' Complaint is due to be dismissed in its entirety for these reasons alone.

## II.    Plaintiffs' Claims are Also Individually Deficient as a Matter of Law.

### 1.    *Plaintiffs have failed to state a claim for declaratory judgment.*

Plaintiffs attempt to assert a claim for declaratory judgment pursuant to Ala. Code §§ 6-6-220, *et seq*. "'For a declaratory-judgment action to withstand a motion to dismiss there must be a bona fide justiciable controversy that should be settled.'" *Woodgett v. City of Midfield*, 319 So. 3d 1231, 1235 (Ala. 2020) (quoting *Muhammad v. Ford*, 986 So. 2d 1158, 1161-62 (Ala. 2007)) (in turn quoting

---

[6] *See Violette I*, No. 2:26-cv-00064, Doc. 6, at 3 ("Plaintiff Gregory Paul Violette is a serial litigant with an extensive history of criminal and civil litigation in both state and federal courts. In fact, Plaintiff Gregory Paul Violette has a history of initiating suits against financial institutions like Carrington."); *id.* at n.6 ("*See, e.g., id.*; *Violette v. TD Bank*, 1:21-cv-00056-GZS (D. Me. Feb. 16, 2021); *Violette v. Click Bank*, No. 1:20-cv-00412-NT (D. Me. Nov. 4, 2020); *Violette v. Capital One*, No. 1:20-cv-00472-GZS (D. Me. Dec. 21, 2020); *Violette v. Citi Bank*, No. 1:20-cv-00477-GZS (D. Me. Dec. 23, 2020)").

*Anonymous v. Anonymous*, 472 So. 2d 640, 641 (Ala. Civ. App. 1984)). The controversy must be "one that is appropriate for judicial determination" that is, it must be one that is "definite and concrete, touching the legal relations of the parties adverse in legal interest, and it must be a real and substantial controversy" requiring "specific relief" through a judgment. *Ex parte Bridges*, 925 So. 2d 189, 192 (Ala. 2005) (quoting Actions for Declaratory Judgments, Volume 1, § 14).

In deciding whether to dismiss a claim for declaratory judgment, the Court must determine "whether the pleader is entitled to a declaration of rights at all, not whether the pleader will prevail in the declaratory-judgment action." *Id.* (citing *Anonymous*, 472 So. 2d at 641). But "if there is not a justiciable controversy, a motion to dismiss for failure to state a claim should be granted. *Id.* (citing *Curjel v. Ash*, 83 So. 2d 293, 296 (1955)).

Here, Plaintiffs seek declaratory judgment on the basis that "an actual and justiciable controversy exists between the parties regarding Carrington's authority to enforce the alleged debt." Compl. ¶ 13. As such, Plaintiffs seek a declaration from this Court determining: "a. [w]hether Carrington is the real party in interest[;] b. [w]hether Carrington has authority to enforce the alleged note[;] [and] c. [w]hether enforcement without validation violates state and federal law." *Id.* ¶ 14(a)-(c).

However, Plaintiffs have not plausibly established that a "justiciable controversy" exists as to whether Carrington has the standing/authority to enforce

the debt, or whether it may do so without "validation." *See* Compl. The Alabama Code provides that:

> Where a power to sell lands is given in any mortgage, the power is part of the security and may be executed by any person, or the personal representative of any person who, by assignment or otherwise, becomes entitled to the money thus secured.

> Ala. Code. § 35-10-12.

It is undisputed that Plaintiffs agreed to the terms of the Mortgage, and Plaintiffs' Mortgage provides that the "Borrower[s]" are Gregory Violette and Barbara Violette, and the "Lender" is Carrington. **Ex. A ¶¶** (B), (D). By signing the Mortgage, Plaintiffs agreed that the promissory note stated that they owed Carrington $169,413.00, plus interest, and that they "promised to pay this debt in regular [p]eriodic [p]ayments and to pay the debt in full not later than January 1, 2054." *Id.* ¶ (E). Plaintiffs further agreed that if they "breach [] any covenant or agreement" contained therein, Carrington may "at its option require immediate payment in full of all sums secured by the [Mortgage] without further demand and may invoke the power of sale and any other remedies permitted by [a]pplicable [l]aw." *Id.* ¶ 22. Plaintiffs do not dispute the validity of or the existence of the Mortgage, they only appear to dispute whether Carrington has authority to enforce the Note and whether Carrington is the real party in interest. However, it is patently absurd for Plaintiffs to make such an argument given that Carrington is identified as

11

the lender under the very mortgage Plaintiffs signed.[7] Therefore, there is no justiciable controversy that exists between the parties regarding Carrington's authority to enforce the debt because such authority is clearly set out by the express terms of the Mortgage, which is undisputed.

Moreover, to the extent Plaintiffs seek a declaratory judgment that Carrington's enforcement of the Mortgage required "[p]roduction of the original promissory note and all endorsements" (Compl. ¶ 8(a)-(c)) – this position is clearly rejected by Alabama law. *See Summerlin*, 165 F. Supp. 3d at 1111; *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 697 (11th Cir. 2015) ("Alabama does not require production of the original instrument in order to institute foreclosure.") (citing *Douglas v. Troy Bank & Trust Co.*, 122 So. 3d 181, 184 (Ala. Civ. App. 2012) (deeming the plaintiff's "show me the note" theory "suspect" and finding "no authority in which a nonjudicial foreclosure has been held invalid for failure to produce or present original documentation evidencing the underlying debt and security for repayment thereof")). Under Alabama law, Carrington is entitled to enforce the terms of the mortgage and exercise the power of sale without producing

---

[7] Plus, courts have long recognized that "a foreclosing entity like [Carrington] is not required to surrender the original promissory note and mortgage to the mortgagor (or to a court) prior to instituting foreclosure under Alabama law." *Summerlin v. Shellpoint Mortg. Servs.*, 165 F. Supp. 3d 1099, 1110 (N.D. Ala. 2016).

12

the original Note or Mortgage. Thus, there is also no justiciable controversy entitling Plaintiffs to declaratory relief as such.

For these reasons, Plaintiffs' claim for declaratory judgment fails as a matter of law and should be dismissed.

**2.      *Plaintiffs lack of standing/real party in interest is not a recognized claim under Alabama or Federal law.***

Plaintiffs also bring a claim against Carrington for "lack of standing/real party in interest." Compl. ¶¶ 15-16. Plaintiffs claim that "Carrington has failed to demonstrate possession of, or lawful authority over, the promissory note" and that "[a]bsent standing, Carrington is barred from foreclosure or enforcement actions." *Id.* This claim also fails as a matter of law.

As a preliminary matter, a "real party in interest is the party who, by the substantive law, has the right sought to be enforced." *WM Mobile Bay Env't Ctr., Inc. v. City of Mobile*, 446 F. Supp. 3d 937, 953 (S.D. Ala. 2020), *aff'd*, No. 20-14749, 2022 WL 2784606 (11th Cir. July 15, 2022) (internal quotation marks and citation omitted). Carrington is not seeking to enforce any right in the present action. Moreover, "standing" is a Plaintiffs' requirement, not an independent cause of action to be brought against a lender, like Carrington. *Thomas v. Wells Fargo Bank, N.A.*, 116 So. 3d 226, 232 (Ala. Civ. App. 2012) (citing *Deutsche Bank Nat'l Trust Co. v. Williams*, Civ. No. 11–00632 JMS/RLP (D. Hawaii, March 29, 2012) (noting that "'[s]tanding is a plaintiff's requirement," and reasoning that when a lender is the

13

plaintiff seeking to have the court declare the validity of a judicial foreclosure, the lender must prove its standing, but that when lenders are defending themselves in an action brought by borrower, lenders need not "establish 'standing' to defend themselves").

Further, as discussed multiple times above, according to Alabama law, Carrington is not required to produce the original Mortgage or Note to Plaintiffs to enforce the terms thereof, including exercising the power of sale. *See Summerlin*, 165 F. Supp. 3d at 1110. The Alabama Court of Civil appeals has noted "that states that authorize foreclosure by other means than judicial action, such as Alabama, routinely reject such 'show me the note' arguments." *Graveling*, 631 F. App'x at 697 (citing *Douglas*, 122 So. 3d at 183).

It appears that Plaintiffs' claim is based on the failure of Carrington to demonstrate "[a]uthority to enforce the alleged note under UCC §3-301." Compl. ¶ 8(b). However, UCC § 3-301 does not create a legal obligation to produce a promissory note, nor does it provide a cause of action for failure to demonstrate authority to enforce a note. *See Allen v. Bank of Am., N.A.*, No. 1:11-CV-4029-RWS, 2012 WL 2839819, at *3 (N.D. Ga. July 10, 2012) ("Plaintiff's claim that "Defendant" violated UCC Article 3–301 by failing to produce the Note fails because Plaintiff has failed to show that any Defendant was under a legal obligation to produce the promissory note… The claim also fails because Plaintiff has not

14

shown how failing to produce a promissory note possibly could violate this provision of the UCC, which provision merely defines "[p]ersons entitled to enforce" negotiable instruments."). Moreover, "Alabama's foreclosure statute sets forth the requirements for conducting a non-judicial foreclosure under the 'power of sale' contained in the mortgage, but the statute *does not provide a cause of action* for a mortgagor to require the mortgagee to establish proof of claim prior to initiating the foreclosure." *Douglas*, 122 So. 3d at 184 (quoting *Farkas v. SunTrust Mortg., Inc.*, 447 F. App'x 972, 973 (11th Cir. 2011)) (emphasis added).

Plaintiffs cannot state a claim against Carrington for "lack of standing/real party in interest" as a matter of law and this claim must be dismissed.

### 3. *Plaintiffs have not—and cannot—state a claim for violation of the FDCPA against Carrington.*

Plaintiffs cannot maintain a claim under the FDCPA against Carrington because it is not a "debt collector."

In order to state a claim for violation of the FDCPA, a plaintiff must allege that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Janke v. Wells Fargo & Co.*, 805 F. Supp. 2d 1278, 1281 (M.D. Ala. 2011) (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000) (internal quotation marks and citations omitted). The FDCPA's consumer protections are

limited to "acts done by 'debt collectors.'" *Id.* (citing 15 U.S.C. § 1692, *et seq.*). The

FDCPA defines "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... [Debt collector] includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692(a)(6).

This definition explicitly "excludes those entities that originated the debt or

which obtained the loan before it was in default." *Janke*, 805 F. Supp. 2d at 1281.

The FDCPA also separately defines "creditor" as "any person who offers or extends

credit creating a debt or to whom a debt is owed, but such term does not include any

person to the extent that he receives an assignment or transfer of a debt in default

solely for the purpose of facilitating collection of such debt for another." *Id.* (citing

15 U.S.C. § 1692 (a)(4)).

While Plaintiffs make the conclusory assertion that "Carrington is a 'debt

collector' within the meaning of the FDCPA," this is demonstrably false. As the

originating lender of the Mortgage, Carrington is a creditor as defined under the

FDCPA. *See* **Ex. A**. Moreover, Plaintiffs make no claims that Carrington's principal

business is debt collection, or any other allegation that could plausibly challenge

Carrington's status as a "creditor." *See Janke*, 805 F. Supp. 2d at 1281.

16

Because Carrington is not a debt collector as defined by the FDCPA, Plaintiffs' FDCPA claim must be dismissed. Further, this claim is due to be dismissed as nowhere in the Complaint do Plaintiffs allege how Carrington has allegedly violated the FDCPA, or what specific activity by Carrington was allegedly wrongful.

**4.     *Plaintiffs have failed to allege any viable cause of action against Carrington for violations of RESPA/Regulation X.***

Plaintiffs' claim arising under RESPA also fails as a matter of law. Although Plaintiffs allege that Carrington violated RESPA by failing to respond to a Qualified Written Request ("QWR") within the statutorily required timeframe, Plaintiffs have failed to sufficiently alleged that they submitted a QWR to Carrington, as RESPA defines that term. *See* Compl. ¶¶ 20-21.

To state a claim arising under RESPA, Plaintiffs must allege facts that show "(1) the defendant was a loan servicer; (2) the defendant was sent a valid QWR; (3) defendant failed to adequately respond within sixty days; and (4) actual damages or an entitlement to statutory damages." *Patrick v. CitiFinancial Corp., LLC*, No. 3:15CV296-WHA, 2015 WL 3988860, at *3 (M.D. Ala. June 30, 2015). Additionally, "[c]ourts have concluded that if plaintiffs do not attach a QWR to the complaint, they should plead facts which show that their written request included the information required by 12 U.S.C. § 2605(e)(1)(B)." *Id.*

"A request only 'qualifies' under RESPA if three conditions are met: (1) it is in writing, (2) it includes or allows the servicer to identify 'the name and account of

the borrower,' and (3) it 'includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.'" *Tallent v. BAC Home Loans*, No. 2:12-cv-3719, 2013 WL 2249107, at *4 (N.D. Ala. May 21, 2013) (quoting 12 U.S.C. § 2605(e)(1)(B)).

Here, even assuming Plaintiffs have satisfied the first two requirements, they have failed to include sufficient facts demonstrating they included the information required by 12 U.S.C. § 2605(e)(1)(B) or that they actually requested information "relating to the servicing of [their] loan." 12 U.S.C. § 2605(e)(1)(A). Plaintiffs also failed to attach a copy of any alleged QWR to their Complaint. *See Costine v. BAC Home Loans*, 946 F. Supp. 2d 1224, 1233 (N.D. Ala. 2013) ("It is not enough to simply use the words "qualified written request' somewhere in the Complaint. Rather, Plaintiffs must plead facts demonstrating that a written request was actually made, such as by discussing the date the request was sent, how it was delivered, and describing its contents showing they satisfied the requirement enumerated in 12 U.S.C. § 2605(e)(1)(B)."). For this reason alone, Plaintiffs' RESPA claim should be dismissed.

Second, and independently, Plaintiffs' RESPA claim also fails because they do not sufficiently allege that they have suffered any cognizable damages or plausibly allege that they are entitled to statutory damages. *See Dragash v. Fed. Nat'l Mortg.*

18

*Ass'n*, 700 F. App'x 939, 945 (11th Cir. 2017) (citing *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016) (holding that to state a claim for a RESPA violation, the plaintiff must allege that he suffered actual damages as a result of the violation)). Plaintiffs' mere request in their "prayer for relief" for an "[a]ward of statutory damages under FDCPA and RESPA" is insufficient. Compl. ¶ VI (D); *Tallent*, 2013 WL 2249107, at *5 ("The Eleventh Circuit has held that to state a claim under RESPA, a plaintiff must allege facts showing he suffered actual damages or is entitled to statutory damages. Additionally, . . . plaintiff must also allege a causal link between the claimed damages and defendant's alleged RESPA violation.") (citations omitted); *see also Patrick v. CitiFinancial Corp., LLC*, No. 3:15-cv-296, 2015 WL 3988860, at *4 (M.D. Ala. June 30, 2015) (dismissing RESPA claim in part because plaintiff "has not identified any damages stemming from an alleged RESPA violation"). Such prayer for relief does not constitute a pleading of "actual damages," let alone "damages which are causally linked to the RESPA violation."

Plaintiffs fail to establish any connection between their request for "statutory damages" and any alleged RESPA violation. In other words, Plaintiffs fail to state how an answer to an alleged QWR is connected to any actual damages they suffered or explain how any answer to their QWR would have prevented such harm from occurring.

19

Finally, this claim should be dismissed because Plaintiffs allege that "[m]ore than thirty-five (35) days have elapsed since service of Plaintiffs' notice" (Compl. ¶ 9) – yet the statutory response timeframe is sixty days. *See Patrick*, 2015 WL 3988860, at *3. For these reasons too, Plaintiffs' RESPA claim should be dismissed.

### 5. *Plaintiffs cannot maintain a claim for equitable relief/prevention of wrongful foreclosure, nor have they demonstrated entitlement to injunctive relief.*

Plaintiffs also cannot bring a claim for "equitable relief/prevention of wrongful foreclosure" or maintain their request for injunctive relief. Compl. ¶¶ 22-24. Plaintiffs claim that "[e]quity prohibits foreclosure absent proof of lawful authority" and that they "face irreparable harm without injunctive relief." *Id*. As such, Plaintiffs seek "an order enjoining Carrington from initiating or continuing foreclosure activity unless and until lawful standing and validation are established." *Id*. ¶ 24. Plaintiffs have not demonstrated entitlement to injunctive relief, and as discussed above, claims premised on Carrington's failure to provide "proof" of authority to foreclose or enforce the Mortgage fail as a matter of law.

"Where there is no allegation that the power of sale was exercised for any purposes other than to secure the debt owed, a cause of action for wrongful foreclosure has not been sufficiently alleged." *Varner v. Caliber Home Loans*, No. 1:17-CV-773-WKW-WC, 2018 WL 4355850, at *4 (M.D. Ala. Mar. 20, 2018), *report and recommendation adopted*, No. 1:17-CV-773-WKW, 2018 WL 3023091 (M.D. Ala. June 18, 2018) (internal quotation marks and citation omitted). Plaintiffs

have made no such allegation and therefore are not entitled to any relief related to "wrongful foreclosure" or prevention thereof. As discussed in detail above, the foreclosing entity is not required to show the debtor a promissory note to enforce or initiate foreclosure proceedings. *Varner*, 2018 WL 4355850, at *4 (citing Ala. Code §§ 35-10-11 to 35-10-14 (1975) ("Alabama's foreclosure statute ... does not provide a cause of action for a mortgagor to require the mortgagee to establish proof of claim prior to initiating the foreclosure.")).

Moreover, a court may only grant injunctive relief if the plaintiff shows that: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Here, besides the conclusory statement that they "face irreparable harm," Plaintiffs have not adequately pled any of these elements. *See* Compl. In fact, Plaintiffs have not even alleged any actual foreclosure-related activity by Carrington that would prompt a plausible basis to seek injunctive relief. *Id.*

Thus, Plaintiffs have not plausibly demonstrated they are entitled to any equitable or injunctive relief in connection with claims. Consequently, such claims for relief are due to be dismissed.

## CONCLUSION

**WHEREFORE**, premises considered, Carrington respectfully requests that the Court grant this Motion and dismiss with prejudice each and every claim asserted against it by Plaintiffs for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted, this 30th day of March, 2026.

*/s/ Jon Patterson*

Jon Patterson (PAT066)
Camryn Sandoval (SAN101)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jpatterson@bradley.com
csandoval@bradley.com
*Attorneys for Defendant Carrington*
*Mortgage Services, LLC*

22

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, this pleading was e-filed and further that I served a copy of the foregoing via first-class U.S. Mail, postage prepaid, to the following:

Gregory Paul Violette
Barbara A Violette
19992 Airport Road
Andalusia, AL 36421

*Pro se Plaintiffs*

_/s/ Jon Patterson_
OF COUNSEL

23