**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**



Gregory Paul Violette, et al.,
Plaintiffs,

v.

**CASE NO.: 2:26-cv-00200**

Carrington Mortgage Services, LLC, et al.,
Defendants.

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs Gregory Paul Violette and Barbara A. Violette, proceeding pro se, respectfully submit this Response in Opposition to Defendants' Motion to Dismiss pursuant to Rule 12(b)(6), and state as follows:

## I. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not the merits.

To survive dismissal, a complaint need only contain sufficient factual matter to "state a claim to relief that is plausible on its face."
(*Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

At this stage, the Court must:

- Accept all factual allegations as true
- Construe them in the light most favorable to Plaintiffs
- Draw all reasonable inferences in Plaintiffs' favor

1

Dismissal is improper unless Plaintiffs can prove **no set of facts** entitling them to relief.

## II. ARGUMENT

### A. Plaintiffs Have Stated a Valid Claim for Declaratory Relief

Defendants argue Plaintiffs fail to state a claim; however, Plaintiffs seek relief under the Declaratory Judgment Act (28 U.S.C. § 2201 and Ala. Code §§ 6-6-220 et seq.).

An actual controversy clearly exists:

- Defendants claim authority to enforce a mortgage
- Plaintiffs dispute that authority
- Defendants have failed to validate or prove standing

Federal courts routinely recognize declaratory actions to determine:

- Authority to enforce a note
- Validity of debt obligations
- Standing in foreclosure contexts

This alone is sufficient to survive dismissal.

### B. "Standing / Real Party in Interest" Is a Valid Legal Issue

Defendants incorrectly argue that lack of standing is not a cause of action.

Plaintiffs are not asserting "standing" as a standalone claim—they are challenging Defendants' **right to enforce**, which is a legally cognizable issue.

Under:

- **UCC § 3-301** (person entitled to enforce)

2

- Alabama foreclosure law

A party must demonstrate:

- Possession of the note OR
- Legal authority to enforce it

Courts consistently allow borrowers to challenge whether a defendant:

- Is the holder
- Has assignment rights
- Has enforcement authority

Thus, Plaintiffs have properly raised a justiciable issue.

**C. Plaintiffs Have Adequately Pleaded FDCPA Violations**

Defendants' argument that FDCPA does not apply is premature and fact-dependent.

Plaintiffs alleged:

- Defendants acted as a **debt collector**
- Plaintiffs sent a written dispute and validation request
- Defendants failed to validate within statutory time
- Defendants continued collection activity

These facts state a claim under:

- **15 U.S.C. § 1692g (validation requirement)**
- **15 U.S.C. § 1692e (false/misleading representations)**

Whether Defendants qualify as a "debt collector" is a **factual issue not suitable for dismissal**.

Courts have held mortgage servicers can fall under FDCPA where:

- The loan was in default when servicing began

This cannot be resolved at the pleading stage.

## D. Plaintiffs Have Stated a Valid RESPA / Regulation X Claim

Plaintiffs clearly alleged:

- They submitted a **Qualified Written Request (QWR)** and/or **Request for Information (RFI)**
- Defendants failed to respond within statutory deadlines

Under:

- **12 C.F.R. § 1024.36 (Requests for Information)**
- **12 C.F.R. § 1024.35 (Error Resolution)**

Servicers must respond within required timeframes.

Failure to do so gives rise to:

- Actual damages
- Statutory damages (pattern or practice)

Defendants' argument improperly challenges facts—not pleading sufficiency.

## E. Injunctive and Equitable Relief Are Properly Pleaded

Defendants claim Plaintiffs are not entitled to injunctive relief.

However, Plaintiffs have alleged:

- Ongoing threat of foreclosure
- Cloud on title
- Irreparable harm to property rights

Courts recognize wrongful foreclosure claims where:

- Authority to foreclose is disputed
- Standing is unclear
- Required notices or validations are absent

Equity jurisdiction is proper to:

- Prevent wrongful foreclosure
- Preserve property rights pending adjudication

At minimum, Plaintiffs have sufficiently pleaded entitlement to **seek** such relief.

## F. Claim-Splitting Argument Fails

Defendants allege impermissible claim-splitting, but:

- Plaintiffs have brought all claims in a single action
- All claims arise from the same transaction (mortgage enforcement)

There is:

- No parallel action
- No duplicative litigation

Thus, the argument is without merit.

## G. Pro Se Pleadings Must Be Liberally Construed

As pro se litigants, Plaintiffs' pleadings must be held to a less stringent standard.

(*Haines v. Kerner*, 404 U.S. 519 (1972))

Even if imperfectly stated, claims should not be dismissed where:

5

- A valid legal theory can be inferred
- Facts support potential relief

## III. CONCLUSION

Plaintiffs have clearly alleged:

- A live controversy regarding enforcement authority
- Violations of federal consumer protection statutes
- Grounds for declaratory and equitable relief

Defendants' motion improperly:

- Challenges facts rather than pleadings
- Seeks premature adjudication

At this stage, Plaintiffs have more than satisfied federal pleading standards.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. **DENY Defendants' Motion to Dismiss in its entirety**
2. Allow this action to proceed to discovery
3. Grant such other and further relief as the Court deems just and proper

**Respectfully submitted,**

Dated this 3rd day of April 2026, at Andalusia, AL 36421

Gregory Paul Violette, Pro Se

Barbara A. Violette, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of April 2026, a copy of the foregoing Motion **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** was filed with the court and served on the counsel of record via U.S. Mail, properly addressed and first-class postage prepaid.

US District Court
B-110
One Church Street
Montgomery, AL 36104

Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Ave North
Birmingham, AL 35203

Gregory Paul Violette



Dr. Gregory & Barbara A. Violette
19992 Airport Rd
Andalusia, AL 36421



MONTGOMERY

4 APR 2026   AM 4 L

US District Court

B-110

One Church Street

Montgomery, AL 36104

36104-401801