## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY PAUL VIOLETTE, and BARBARA A VIOLETTE, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 2:26-cv-00200 |
| v. | ) ) ) | Removed from the Circuit Court of Covington County, Alabama, Case No.: 23-CV-2026-900012 |
| CARRINGTON MORTGAGE SERVICES, LLC, SHIRLEY CARRINGTON, JOHN DOE ONE, | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

## DEFENDANT CARRINGTON MORTGAGE SERVICES LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

**COMES NOW** Defendant Carrington Mortgage Services, LLC ("Carrington"), by and through undersigned counsel and pursuant to this Court's March 31, 2026 Order (Doc. 8), files its response in opposition to Plaintiffs Gregory Paul Violette and Barbara A. Violette's (together, "Plaintiffs") Motion to Remand (Doc. 6). In support thereof, Carrington respectfully shows as follows:

## INTRODUCTION

Each of Plaintiffs' objections to this Court's jurisdiction are meritless. As a preliminary issue, Plaintiffs specifically cite federal law multiple times throughout their Complaint. For example, Plaintiffs' "factual allegations" include that

1

Carrington has failed to provide "[d]isclosures required by FDCPA § 1692g, TILA, and RESPA Regulation X." Compl. ¶ 8(e). Plaintiffs also explicitly bring *two* separate federal law claims. First, Plaintiffs' "Count III – FDCPA Violations" specifically cites federal law, "15 U.S.C. §§ 1692g, 1692e" and states "Carrington failed to validate the debt and continued collection conduct *in violation of federal law*." *Id.* ¶¶ 17-19 (emphasis added). Second, Plaintiffs also assert "Count IV – RESPA Regulation X Violations" and once again directly cite federal law, "12 C.F.R. §§ 1024.35 & 1024.36." *Id.* ¶ 20-21.

Moreover, Plaintiffs fail to acknowledge or address the existence of diversity jurisdiction. Carrington is the only properly named and served defendant, and therefore the only defendant whose citizenship impacts the "complete diversity" requirement for diversity jurisdiction and Plaintiffs have asserted an amount in controversy in excess of $75,000. Further, remand is not favored or required by this Court. Because Carrington properly invoked this Court's subject-matter jurisdiction, Plaintiffs' Motion to Remand should be denied.

## FACTS

As the Court is aware, this is the second action filed by Plaintiffs, Gregory Paul Violette and Barbara A. Violette, against Carrington and "Shirley Carrington"[1]

---

[1] As explained by Carrington in the prior action brought by Plaintiffs in this Court, and in its Notice of Removal in the present action, upon information and belief, defendant "Shirley Carrington" is a fictitious name.

in a matter of months, and now the second time Carrington has had to oppose Plaintiffs' Motion to Remand when they have made clear federal claims. *See Violette v. Carrington Mortg. Servs. et al.*, No. 2:26-cv-00064 (M.D. Ala. Jan. 28, 2026), removed from the Circuit Court of Covington County, Alabama, No: 23-CV-2025-900180 (hereinafter, "*Violette I*").[2] Like in *Violette I¸* Plaintiffs commenced this action (hereinafter "*Violette II*") asserting claims in connection with a "Purchase Money Mortgage" (the "Mortgage").

In this action however, Plaintiffs assert five causes of action against Carrington, Shirley Carrington, and John Doe One (the "Defendants") for Declaratory Judgment, Lack of Standing/Real Party in Interest, Fair Debt Collection Practices Act ("FDCPA") Violations (15 U.S.C. §§ 1692(g), 1692(e)), Violation of the Real Estate Settlement Procedures Act's ("RESPA") implementing regulation, Regulation X (12 C.F.R. §§ 1024.35, 1024.36), Equitable Relief/Prevention of Wrongful Foreclosure, and Injunctive Relief. *See* Compl.

On March 23, 2026, Carrington timely removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. Doc. 1. Carrington's Notice of Removal established both federal-question jurisdiction (based on Plaintiffs'

---

[2] This is the second action recently filed by Plaintiffs against Carrington and Shirey Carrington in the Circuit Court of Covington County, Alabama, however, Plaintiffs have also initiated a suit against Carrington in Maine during this same period. *See Violette v. Carrington Mortg. Servs. et al.*, No. SKODC-REA-2026-00004 (Me. Dist. Ct., Skowhegan, Feb. 20, 2026). Plaintiffs' complaint filed in the Skowhegan District Court makes identical claims against Carrington; however, the action arises in connection with a different property.

FDCPA and RESPA / Regulation X claims) and diversity jurisdiction, including an amount in controversy far exceeding $75,000 given the value of the property at issue ($222,180.00) and Plaintiffs' request for statutory damages under the FDCPA and RESPA. *See* Compl. ¶ V, VI.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction that, in general, can only hear cases that involve federal questions or that meet the requirements for diversity jurisdiction." *Harrell v. Bank of Am., N.A.*, 813 F. App'x 397, 399 (11th Cir. 2020) (citing 28 U.S.C. §§ 1331, 1332). If an action is filed in state court, the general removal statute allows the defendant or defendants to remove the action to federal court, so long as the federal court would have had original jurisdiction to hear the case. *See Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019); 28 U.S.C. § 1441(a).

"To remove under [Section 1441(a)], a party must meet the requirements for removal detailed in other provisions." *Home Depot*, 587 U.S. at 438. Subject matter jurisdiction (or, as the removal statute refers to it, "original jurisdiction") and "removal jurisdiction" are different. *See, e.g.*, *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 n.9 (1983).

The Supreme Court has pointed to the distinction between the two, for purposes of removal and remand, when interpreting 28 U.S.C. § 1447, which

4

"differentiates between removals that are defective because of lack of subject matter jurisdiction and removals that are defective for some other reason, e.g., because the removal took place after relevant time limits had expired." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up). Thus, "Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction." *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir. 1993).

Procedurally, to remove an action, a defendant must file a notice of removal within thirty days after receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1)-(2). The time to remove "'is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.'" *Harrell*, 814 F. App'x at 399 (quoting *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008)). Where there are multiple defendants, "all defendants who have been *properly joined and served* must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added).

Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, (1941). "In assessing the propriety of removal, 'the court considers the documents *received by the defendant from the*

5

*plaintiff* ... and determines whether that document and the notice of removal unambiguously establish federal jurisdiction.'" *Wood v. Option One Mortg. Corp.*, 580 F. Supp. 2d 1248, 1252 (N.D. Ala. Sept. 30, 2008) (quoting *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007), *cert. denied*, 171 L.Ed.2d 812 (2008)). When opposing a motion to remand, the removing party bears the burden of "showing the existence of federal jurisdiction." *Bishop v. Alabama Dep't of Env't Mgmt.*, 108 F. Supp. 2d 1323, 1325 (M.D. Ala. 2000). The Court should deny Plaintiffs' Motion to Remand because Carrington met all procedural requirements for removal, and this Court has subject matter jurisdiction.

## ARGUMENT

### I.       This Court has Federal Question Jurisdiction Under 28 U.S.C. § 1331.

A court has federal question jurisdiction when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Further, a federal court will have supplemental jurisdiction over a plaintiff's state law claims if they "form part of the same case or controversy" as the federal claims. *Harrell*, 814 F. App'x at 399 (citing *id.* § 1367(a)). Plaintiffs' Complaint presents explicit claims for alleged violations of the FDCPA and RESPA / Regulation X. *See* Compl. ¶¶ 17-21. This Court can and should deny remand on this basis alone.

### a. *Federal question jurisdiction exists on the face of Plaintiffs' pleadings.*

As with Plaintiffs' Motion to Remand in *Violette I*, Plaintiffs are correct in stating that "[u]nder the well-pleaded complaint rule, federal jurisdiction exists only where a federal issue is necessarily raised and actually disputed." Doc. 6. ¶ III(B). However, Plaintiffs incorrectly assert that "[h]ere, it is not." *Id.* Under the well-pleaded complaint rule, federal-question jurisdiction exists when a federal claim appears on the face of the plaintiff's properly pleaded complaint. "In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant." *Bishop*, 108 F. Supp. 2d at 1325.

Once again, in their Motion to Remand, Plaintiffs claim that "[a]ny reference to federal statutes is incidental and supplemental and does not convert the action into one arising under federal law for purposes of 28 U.S.C. § 1331." Doc. 6 ¶ III(A). However, in their Complaint, Plaintiffs list their causes of action, 1 through 5. *See* Compl. Plaintiffs counts are listed as follows: "Count I – Declaratory Judgment (Ala. Code § 6-6-220 et seq.)…Count II – Lack of Standing / Real Party in Interest…Count III – FDCPA Violations (15 U.S.C. §§ 1692g, 1692e)…Count IV – RESPA Regulation X Violations (12 C.F.R. §§ 1024.35 & 1024.36)…Count V – Equitable Relief / Prevention of Wrongful Foreclosure." *See* Compl. By Plaintiffs' rationale, references to "declaratory judgment (Ala. Code § 6-6-220 et seq.)," "lack

of standing/real party in interest," and "equitable relief/prevention of wrongful foreclosure" must also be mere incidental and supplemental references not intended to support any independent claim. *See id.*

Plaintiffs do not merely "reference" a federal statute; they cite 15 U.S.C. §§ 1692g, 1692e and 12 C.F.R. §§ 1024.35 & 1024.36 and specifically allege that Carrington failed to provide "[d]isclosures required by FDCPA § 1692g, TILA, and RESPA Regulation X," "Carrington is a 'debt collector' within the meaning of the FDCPA;" and that "Carrington failed to validate the debt and continued collection conduct, in violation of federal law." Compl. ¶¶ I-VI. Moreover, Plaintiffs seek a declaration whether "enforcement without validation violates state and federal law;" and an award of "statutory damages under FDCPA and RESPA." *Id.* ¶ VI(D).

Plaintiffs' Complaint demonstrates an "express reliance" on RESPA, Regulation X, the FDCPA, and their "remedies." *See Snellgrove v. Common Bond Title, LLC*, No. 1:17-CV-500-WKW, 2019 WL 4781599, at *2 (M.D. Ala. Sept. 30, 2019). It is clear, based on the "the nature of the allegations, [] that the [C]omplaint pleads a cause of action that is based on federal law." *Id.* Here, removal based on federal question is unquestionable because "plaintiff[s'] statement of [their] own cause of action show[] that is it based on federal law." *Snellgrove*, 2019 WL 4781599, at *2 (quoting *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999)) (internal quotation marks omitted). Taken

8

together, there can be no serious dispute that Plaintiffs' own pleadings present federal questions on the face of the Complaint sufficient to confer jurisdiction under 28 U.S.C. § 1331.

Plus, this Court has supplemental jurisdiction over Plaintiffs' remaining claims under 28 U.S.C. § 1367 because the Court has original, federal question jurisdiction over Plaintiffs' claims arising under RESPA Regulation X and the FDCPA, and Plaintiffs' remaining claims "are so related…that they form part of the same case or controversy." *Graves v. Wells Fargo Bank, N.A.*, No. 2:23CV605-MHT, 2025 WL 2616364, at *1 (M.D. Ala. Sept. 10, 2025) (quoting 28 U.S.C. § 1367).

### b. This matter necessarily requires interpretation and enforcement of federal law.

Plaintiffs assert that "federal claims are not substantial or necessary to resolve the dispute," and claim that this "dispute can be fully resolved on state-law grounds." Doc. 6 ¶ III(B). However, this is demonstrably incorrect. Even if Plaintiffs did not expressly plead violations of RESPA Regulation X and the FDCPA, every other claim asserted by Plaintiffs still centers on alleged violations of these federal requirements.

Plaintiffs fail to realize exceptions to the well-pleaded complaint rule. "One exception to the well-pleaded complaint rule is that a plaintiff cannot avoid federal jurisdiction by 'omitting to plead necessary federal questions in a complaint.'"

*Bishop*, 108 F. Supp. 2d at 1325 (quoting *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983)).

Therefore, despite Plaintiffs' attempted recharacterization of their claims, they cannot avoid federal jurisdiction by choosing to ignore their explicit reliance on federal laws. This is not a situation where Plaintiffs could have asserted a federal claim, but chose not to. Not only do Plaintiffs specifically cite 15 U.S.C. §§ 1692g, 1692e and 12 C.F.R. §§ 1024.35 & 1024.36 on the face of their Complaint, but "federal law is [also] essential to the state law claim[s] which [are] advanced." *Bishop*, 108 F. Supp. 2d at 1325. For example, Plaintiffs' declaratory judgment claim seeks a declaration from this Court on whether Carrington "violate[d] state and federal law." *See* Compl. ¶ 14(c).

Plaintiffs' REPSA/Regulation X and FDCPA claims undeniably present "federal questions" sufficient to confer jurisdiction to this Court, and further, this Court has—at a minimum—supplemental jurisdiction over Plaintiffs' remaining claims. For these reasons alone, Plaintiffs' Motion to Remand should be denied. Nevertheless, regardless of the existence of a federal question, this case was also properly removed to this Court on the basis of diversity jurisdiction.

## II.    This Court has Diversity Jurisdiction Under 28 U.S.C. § 1332.

Diversity jurisdiction independently supports removal, because Carrington's removal is proper under 28 U.S.C. § 1332. "Removal jurisdiction based upon

diversity requires (1) complete diversity of citizenship between the plaintiff(s) and the defendant(s); and (2) satisfaction of the amount in controversy requirement." *Hayes v. State Farm Ins.*, No. 3:17-CV-15-WKW, 2017 WL 2819317, at \*2 (M.D. Ala. May 26, 2017), *report and recommendation adopted sub nom.*, *Hayes v. State Farm Mut. Auto. Ins. Co.*, No. 3:17-CV-15-WKW, 2017 WL 2818999 (M.D. Ala. June 29, 2017). The amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

Carrington removed this matter to this Court based on both federal question and diversity jurisdiction. Therefore, even if the Court determines that a federal question has not been presented, the Court still has jurisdiction over this matter because the Plaintiffs are diverse from the only properly named and joined defendant, Carrington, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs have not at all challenged Carrington's residency or the amount in controversy requirement. *See* Doc. 6.

The only properly joined and served defendant in this action is Carrington. As Carrington detailed in its Notice of Removal, and as evidenced by its Corporate Disclosure Statement, it is a citizen of Tennessee and Wyoming.[3]   Plaintiffs are

---

[3] *See* Doc. 1 ("Carrington is a Delaware limited liability company. For diversity jurisdiction purposes, "a limited liability company is considered to be a citizen of every state and country of which its members are citizens." *Hedge Capital Invs. Ltd. v. Sustainable Growth Grp. Holdings LLC*, 593 F. App'x 937, 940 (11th Cir. 2014). Carrington Mortgage Services, LLC's members are Carrington Holding Company, LLC and Carrington Investment Partners, L.P. Carrington Holding Company, LLC is a Delaware limited liability company, whose sole member is The Carrington

"natural persons, residents of the State of Alabama." Compl. ¶ 1. Accordingly, there is complete diversity between Plaintiffs, and the only properly joined and served defendant, Carrington. 28 U.S.C. § 1441(b)(1) "specifically cautions that 'the citizenship of defendants sued under fictitious names shall be disregarded' in determining whether removal on the basis of federal diversity jurisdiction is proper. *Barnes v. LQ Mgmt., L.L.C.*, No. 2:12CV914-MHT, 2012 WL 6706777, at *2 (M.D. Ala. Dec. 26, 2012). As such, the citizenship of fictitious defendants "Shirley Carrington" and "John Doe One," do not prevent the removal of this case based on diversity.

The amount in controversy is also met, and undisputed by Plaintiffs. As explained in Carrington's Notice of Removal, ""[w]hen injunctive relief is sought, 'it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Thomason v. Deutsche Bank, Tr. for Home Equity Mortg. Loan Asset-Backed Tr. Series INABA 2006-A, Home Equity Mortg. Loan Asset-Backed Certificates Series INABS 2006-A8*, No. 2:22-CV-52-ECM, 2022 WL 4371492, at *5 (M.D. Ala. Sept. 21, 2022) (quoting *Edge v. Blockbuster Video, Inc.*,

---

Companies, LLC. Carrington Investment Partners, L.P. is a Delaware limited partnership, whose general partner is Carrington Capital Management, LLC, and whose limited partners are CIP Intermediate, LLC, a Delaware limited liability company and Carrington Holding Company, LLC, a Delaware limited liability company. Carrington Holding Company, LLC is the sole member of CIP Intermediate, LLC. Carrington Capital Management, LLC is a Delaware limited liability company, whose members are Carrington Holding Company, LLC and a natural person who is a citizen of Tennessee. The Carrington Companies, LLC is a Delaware limited liability company, whose members are two natural persons who are citizens of Tennessee and Wyoming.")

10 F. Supp. 2d 1248, 1251 (N.D. Ala. 1997)). Further, when the "validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Id.* (quoting *Waller v. Pro. Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961).

Here, because Plaintiffs challenge Carrington's right to foreclose on the property and seek injunctive relief preventing foreclosure, the amount is controversy is the value of the property itself. The property at issue is located in Covington County at 603 N Main Street, Opp, Alabama 36467 (the "Property"). And according to the Covington County Tax Assessor's Office for 2025, the appraised value of the Property was $222,180.00,[4] far beyond the statutory threshold of $75,000.

For these reasons too, this Court should deny Plaintiffs' Motion to Remand. Doc. 6.

### III.   Remand is Not Favored or Mandatory.

Plaintiffs argue that "[t]his case is centered on: Alabama property law[,] [s]tate equitable remedies[,] and [l]ocal real estate interests" and therefore, the "principles of **comity and federalism** strongly favor remand." Doc. 6 ¶ III(C). However, this is simply false, and moreover, is insufficient to demonstrate that Plaintiffs' state law claims actually "predominate."

---

[4] The Covington County GIS record for the appraised value of the subject property was attached to Carrington's Notice of Removal (Doc. 1) as Exhibit B.

13

This Court has recently cited the Eleventh Circuit and determined that "even if the [C]ourt finds the state law claims substantially predominate, '[s]ection 1367(c) cannot be fairly read as bestowing on district courts the discretion to remand to state court a case that includes a properly removed federal claim." *Stroud v. Mitchell*, No. 2:25-CV-40-JTA, 2025 WL 1738665, at *2 (M.D. Ala. June 23, 2025) (citing *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996). Consequently, a district court "*may* decline to exercise *supplemental jurisdiction* over state law claims when the claims substantially predominate or raise a novel or complex issue of state law." *Id.* (citing 28 U.S.C. § 1367(c) (emphasis added).

Here, like in *Stroud*, Plaintiffs have not explained how or why their state law claims substantially predominate – they "simply state it is so." *Id.* Likewise, Plaintiffs "cite no authority, persuasive or binding to support [their] argument" and therefore, this Court should similarly find that "any argument that the court should decline to exercise supplemental jurisdiction is waived." *Id.* (citing *cf. Sappupo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.")). Because Carrington properly removed this matter, and Plaintiffs have effectively waived their argument that the Court should not exercise supplemental jurisdiction, the Motion to Remand should be denied.

14

Further, Plaintiffs' claim that comity and federalism strongly favor remand is unfounded. It is only "when the federal-law claims have been dismissed early in the case and only state-law claims remain" that courts consider "the interests of judicial economy, convenience, fairness, and comity [to] weigh in favor of a remand of the state-law claims to state court." *Hairston v. Medicare Ins.*, No. 2:24-CV-524-BL-SMD, 2025 WL 3906637, at *2 (M.D. Ala. Nov. 17, 2025).

Notably, that is not the case here. Plaintiffs' FDCPA and RESPA / Regulation X claims have not been dismissed, nor have they sought leave to amend the Complaint and remove such claims. *See M.J.W. v. Jackson Hosp. & Clinic*, No. 2:16-CV-640-GMB, 2016 WL 6573968, at *4 (M.D. Ala. Nov. 4, 2016) ("[F]orum-shopping is a 'legitimate and serious' concern when a plaintiff has dismissed the federal claims that prompted removal and subsequently moves to remand the case back to state court."). Moreover, as explained above, Plaintiffs' claims would not create "[n]eedless decisions of state law" as they all ultimately center on questions of federal law. *Faulkner v. Ingram*, No. 2:14-CV-1241-WKW, 2017 WL 3530157, at *11 (M.D. Ala. July 11, 2017), *report and recommendation adopted*, No. 2:14-CV-1241-WKW, 2017 WL 3530153 (M.D. Ala. Aug. 16, 2017) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) (advising that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, procuring for them a surer-footed reading of applicable law.")).

15

Plaintiffs also assert that "[r]emoval statutes are strictly construed against removal jurisdiction" and that "[a]ny ambiguity must be resolved in favor of remand." Doc. 6 ¶ III (D). However, there is no ambiguity in this matter. Despite Plaintiffs' attempts to rewrite the narrative surrounding their Complaint, their federal claims were not mere "reference[s] to federal statutes." *Id.* ¶ III(B).

Plaintiffs maintain any reference to the FDCPA or RESPA "are not essential elements of the primary claims." Doc. 6 ¶ III(B). As described above, not only do Plaintiffs "reference" federal law, but it is also the basis for multiple of their counts, *e.g.*, "Count III – FDCPA Violations" and "Count IV – RESPA Regulation X Violations." *Id.* ¶¶ 17-21.

Plaintiffs cannot explicitly allege "FDCPA Violations," cite to "15 U.S.C. § 1692g, 1692e," assert "Carrington is a 'debt collector' within the meaning of the FDCPA," and that "Carrington failed to validate the debt and continued collection conduct, in violation of federal law" (Compl. ¶¶ 17-19) but subsequently move to remand on the basis that no federal question exists. *See* Doc. 6. Plaintiffs' assertion that "[a]ny reference to federal statutes is incidental and supplemental and does not convert the action into one arising under federal law" is simply a misrepresentation. Doc. 6 ¶ III(A). Carrington cannot imagine a way, or identify any "ambiguity" as Plaintiffs suggest, that this "dispute can be fully resolved on state-law grounds." *Id.* ¶ III(B).

For these multiple reasons, remand is neither mandatory nor favored, and Plaintiffs' Motion to Remand is due to be denied.

## IV.     Plaintiffs Are Not Entitled to Costs or Fees.

Plaintiffs close their Motion for Remand by making a brief plea for an award of "costs and expenses pursuant to 28 U.S.C. § 1447(c)." Doc. 6 ¶ IV(2). Carrington's removal should be sustained, but if this matter is remanded, Plaintiffs' request for relief should be denied.

28 U.S.C. § 1447(c) allows an order remanding the case to "require payment of just costs and any actual expenses, including attorneys['] fees, incurred as a result of the removal." However, "there is no automatic entitlement to an award of costs and [] fees under § 1447(c)." *James v. Mejia*, 512 F. Supp. 3d 1255, 1260 (M.D. Ala. 2021). Section 1447(c) plainly states that the "order remanding the case *may* require payment of just costs and any actual expenses including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c) (emphasis added). Therefore, "such an award [is] discretionary." *James*, 512 F. Supp. 3d at 1260.

This Court has acknowledged the "appropriate test" for determining whether an award of fees is appropriate is "to balance deterring removals sought for the purpose of prolonging litigation and imposing costs on the other party and safeguarding defendants' statutory right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 1261 (quoting *Bujanowski v. Kocontes*, 359 F.

17

App'x 112, 113-14 (11th Cir. 2009)) (internal quotation marks omitted). Ultimately, the "standard for awarding fees should turn on the reasonableness of the removal." *U.S. Bank, Nat'l Ass'n as Tr. for Truman 2016 SC6 Title Tr. v. Taveras*, No. 23-13384, 2025 WL 1355512, at *5 (11th Cir. May 9, 2025), *cert. denied sub nom.*, *Taveras v. U.S. Bank Nat'l Ass'n as Legal Title Tr. for Truman 2016 SC6 Title Tr.*, 146 S. Ct. 376 (2025) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)) (internal quotation marks omitted).

Plaintiffs make no arguments in favor of an award for costs or fees, and Carrington had more than the minimum "objectively reasonable basis" for removal – indeed its removal was wholly proper and legally sound on two separate bases. Based on the face of Plaintiffs' Complaint, they stated two separate federal claims arising under RESPA/Regulation X and the FDCPA, thereby providing a basis for removal on federal question jurisdiction. Moreover, prior to removal, Carrington determined it was the only properly joined and served party and its citizenship was diverse from that of Plaintiffs. Because Plaintiffs were diverse and the amount in controversy exceeded the jurisdictional threshold, Carrington also removed on the basis of diversity jurisdiction. Neither ground for removal is objectively "unreasonable" nor genuinely contested as a matter of law. Therefore, Plaintiffs' request for costs and fees should be denied.

18

# **CONCLUSION**

Based on the foregoing, and the reasons explained in Carrington's Notice of Removal (Doc. 1), this case has been properly removed, and this Court should deny Plaintiffs' Motion to Remand and retain jurisdiction over this matter.

Respectfully submitted, this 17th day of April, 2026.

/s/ Jon Patterson
Jon Patterson (PAT066)
Camryn Sandoval (SAN101)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jpatterson@bradley.com
csandoval@bradley.com
Attorneys for Defendant Carrington
Mortgage Services, LLC

19

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2026, this pleading was e-filed and further that I served a copy of the foregoing via first-class U.S. Mail, postage prepaid, to the following:

Gregory Paul Violette
Barbara A Violette
19992 Airport Road
Andalusia, AL 36421

*Pro se Plaintiffs*

*/s/ Jon Patterson*
OF COUNSEL

20