# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

RECEIVED

2026 APR 27  P 2: 40

TREY...
U.S. DIS...
MIDDLE DIST...

**Gregory Paul Violette, et al.,**

Plaintiffs,

v.

CASE NO.: 2:26-cv-00200-*mHT*

**Carrington Mortgage Services, LLC, et al.,**

Defendants.

## PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND

COME NOW the Plaintiffs, Gregory Paul Violette and Barbara A. Violette, appearing pro se, and respectfully submit this Reply to Defendants' Opposition to Plaintiffs' Motion to Remand, and state as follows:

## I. INTRODUCTION

Defendants' Opposition attempts to manufacture federal jurisdiction where none properly exists. While Defendants focus on procedural compliance with removal statutes, they fail to meet their burden of establishing that this Court possesses subject-matter jurisdiction.

The central issue is not whether Defendants complied with procedural steps, but whether this Court has jurisdiction at all. It does not.

1

This action is, at its core, a state-law property dispute involving title, mortgage enforcement, and standing—matters traditionally and exclusively governed by Alabama law.

## II. DEFENDANTS FAIL TO ESTABLISH FEDERAL QUESTION JURISDICTION

Defendants contend that federal question jurisdiction exists under 28 U.S.C. § 1331. This assertion fails under the well-pleaded complaint rule.

Federal jurisdiction exists only where a federal question is presented on the face of a properly pleaded complaint. Plaintiffs' claims arise from:

- Alabama property law
- Contract principles
- Standing and real-party-in-interest doctrines

Any reference to federal statutes, including the Fair Debt Collection Practices Act (FDCPA) or the Real Estate Settlement Procedures Act (RESPA), is incidental and does not form the basis of a cause of action necessary to resolve this dispute.

A federal issue must be necessarily raised—not merely referenced. Defendants' argument improperly conflates incidental references with essential elements.

## III. THE WELL-PLEADED COMPLAINT RULE PRECLUDES REMOVAL

Plaintiffs are the masters of their Complaint and may rely exclusively on state law to avoid federal jurisdiction.

Defendants cannot create federal jurisdiction by recharacterizing Plaintiffs' claims or by elevating peripheral references to federal law into purported federal causes of action.

As the Supreme Court has made clear, anticipated defenses or federal issues raised by Defendants do not confer jurisdiction.

## IV. ANY PURPORTED FEDERAL ISSUE IS NOT "SUBSTANTIAL"

Even assuming arguendo that a federal issue is present, it is not substantial within the meaning of governing precedent.

A substantial federal issue must be:

- Necessarily raised
- Actually disputed
- Substantial to the federal system as a whole

This case presents none of those elements.

The dispute can be fully resolved through the application of Alabama law concerning property rights, contract enforcement, and equitable relief. No interpretation of federal law is necessary to adjudicate the claims.

## V. STATE LAW CLAIMS PREDOMINATE AND WARRANT REMAND

Even if this Court were to find some basis for federal jurisdiction, remand is still appropriate under 28 U.S.C. § 1367(c).

State law overwhelmingly predominates in this action, including:

- Real property interests located in Alabama
- Mortgage validity and enforcement

3

- Equitable remedies governed by state law

Federal courts routinely decline jurisdiction in such circumstances to respect principles of comity and federalism.

## VI. DEFENDANTS HAVE NOT MET THEIR BURDEN

The burden of establishing federal jurisdiction rests squarely on Defendants.

Removal statutes are strictly construed, and all doubts must be resolved in favor of remand.

Defendants' Opposition fails to demonstrate that jurisdiction exists beyond speculation and conclusory assertions. This is insufficient as a matter of law.

## VII. CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

1. **GRANT** Plaintiffs' Motion to Remand;
2. **REMAND** this action to the Circuit Court of Covington County, Alabama;
3. **AWARD** costs and expenses pursuant to 28 U.S.C. § 1447(c); and
4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 24th day of April 2026.

Gregory Paul Violette, Pro Se Plaintiff
19992 Airport Rd
Andalusia, AL 36421
Phone: 207-399-7567

Barbara A. Violette, Pro Se Plaintiff

4

**CERTIFICATE OF SERVICE**

I certify that on this 24th day of April 2026, a copy of the foregoing Motion **PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND** was filed with the court and served on the counsel of record via U.S. Mail, properly addressed and first-class postage prepaid.

US District Court
B-110
One Church Street
Montgomery, AL 36104

Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Ave North
Birmingham, AL 35203

Gregory Paul Violette

19992 Airport Road
Andalusia, AL 36421

MONTGOMERY AL 36

25 APR 2026  PM 3



United States District Court
Middle District of Alabama
1 Church Street, Suite B-110
Montgomery, AL 36104-4018

36104-401601