**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **GREGORY PAUL VIOLETTE,** and **BARBARA A VIOLETTE,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil Action No.: 2:26-cv-00200** |
| **v.** | ) ) ) | **Removed from the Circuit Court of Covington County, Alabama, Case** |
| **CARRINGTON MORTGAGE SERVICES, LLC, SHIRLEY CARRINGTON, JOHN DOE ONE,** | ) ) ) ) | **No.: 23-CV-2026-900012** |
| **Defendants.** | ) ) ) ) | |

**DEFENDANT CARRINGTON MORTGAGE SERVICES LLC'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

**COMES NOW** Defendant Carrington Mortgage Services, LLC ("Carrington"), by and through undersigned counsel and pursuant to this Court's March 31, 2026 Order (Doc. 7), files its reply to Plaintiffs Gregory Paul Violette and Barbara A. Violette's (together, "Plaintiffs") opposition to Carrington's Motion to Dismiss (Doc. 9). For the reasons set forth herein, as well as those set forth in Carrington's Motion to Dismiss (Doc. 5), Plaintiffs' Complaint is due to be dismissed in its entirety. In further support thereof, Carrington respectfully states as follows:

1

## **<u>INTRODUCTION</u>**

On February 4, 2026, Plaintiffs commenced this action against Carrington and "Shirley Carrington" in the Circuit Court of Covington County, Alabama. Doc. 1-1. Carrington removed the action to this Court and subsequently filed a Motion to Dismiss. Doc. 1; Doc. 5. As this Court is aware, this action (hereinafter, "*Violette II*") is the second action brought by Plaintiffs, Gregory Paul Violette and Barbara A. Violette, against Carrington and "Shirley Carrington" in a matter of months. *See Violette v. Carrington Mortg. Servs. et al.*, No. 2:26-cv-00064 (M.D. Ala. Jan. 28, 2026), removed from the Circuit Court of Covington County, Alabama, No: 23-CV-2025-900180 (hereinafter, "*Violette I*").[1]

Here, like in *Violette I*, Plaintiffs have once again brought claims in connection with the same "Purchase Money Mortgage" taken out in favor of Carrington (the Mortgage") secured by the real property located at 603 N. Main St., Opp, Alabama 36467 (the "Property"). As set out in Carrington's Motion to Dismiss, Plaintiffs' lawsuit is a clear example of impermissible claim splitting that should be dismissed. *See* Doc. 5. Moreover, each of Plaintiffs' claims are individually deficient and due to be dismissed for this reason too. *See* Doc. 1-1; Doc. 5.

---

[1] This is the second action recently filed by Plaintiffs against Carrington and Shirey Carrington in the Circuit Court of Covington County, Alabama, however, Plaintiffs have also initiated a suit against Carrington in Maine during this same period. *See Violette v. Carrington Mortg. Servs. et al.*, No. SKODC-REA-2026-00004 (Me. Dist. Ct., Skowhegan, Feb. 20, 2026).

Plaintiffs' response in opposition to Carrington's Motion to Dismiss fails to appropriately respond to the issues raised by Carrington, and does not put forth any viable reason why this case should not be dismissed. *See* Doc. 9; Doc. 5. Plaintiffs provide no rebuttal to the numerous meritorious arguments advanced by Carrington in support of dismissal of this action. Rather than addressing the merits of Carrington's arguments, Plaintiffs' response reiterates only the same conclusory statements of law provided in their Complaint. Yet, Plaintiffs maintain that they have sufficiently pled claims against Carrington for: (1) declaratory relief; (2) standing / real party in interest; (3) violations of the FDCPA; (4) violations of RESPA / Regulation X; and (5) injunctive and equitable relief. *See* Doc. 1-1; Doc. 9. However, Plaintiffs have not—and cannot—allege any facts in support of these claims. Further, as Carrington has explained, Plaintiffs claims are due to be dismissed for impermissible claim splitting, which Plaintiffs entirely fail to rebut. *See id.*; Doc. 5.

**ARGUMENT AND AUTHORITIES**

1. **Plaintiffs' Complaint is violative of the rule against claim splitting and fails as a matter of law because Plaintiffs are not exempt from federal pleading standards as *pro se* litigants.**

Plaintiffs maintain that "[a]s pro se litigants, [their] pleadings must be held to a less stringent standard." Doc. 9 ¶ II (G). Plaintiffs assert that even if their claims are "imperfectly stated" they "should not be dismissed" if a "valid legal can be inferred" and the "facts support potential relief." *Id.* Regardless of the legal propriety

3

of these assertions—this is no case of "imperfect" pleadings. Here, Plaintiffs have impermissibly brought a second lawsuit against the same parties as in *Violette I*. And further, Plaintiffs' present Complaint is *completely devoid* of factual conduct and does not provide any "facts support[ing] potential relief." *Id.*; Doc. 1-1.

As highlighted in its Motion to Dismiss, Carrington acknowledges the fact that *pro se* litigants enjoy a leniency not afforded to those with a legal education. *See* Doc. 5, at 4 (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). However, this does not excuse *pro se* plaintiffs from complying with the threshold requirements of the Federal Rules of Civil Procedure. *Id.* at 5. (citing *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005)). In fact, a court's leniency to a pro se party "does not require or allow [it] to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* (emphasis added) (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010)).

Plaintiffs' opposition to Carrington's Motion to Dismiss asserts that Carrington's claim splitting argument fails because "Plaintiffs have brought all claims in a single action" and because "[a]ll claims arise from the same transaction (mortgage enforcement)." Doc. 9 ¶ II (F). Carrington agrees that each of Plaintiffs' claims in *Violette I* and this action, *Violette II,* arise from the "same transaction (mortgage enforcement)." *Id.* However, Plaintiffs state that there is no parallel action

or duplicative litigation. This is simply false. Plaintiffs filed a prior action, *Violette I*, in the same state court, against the same defendants, in connection with the same Mortgage. Proceeding *pro se* cannot excuse this.

Despite the fact that this case is ongoing in the same court and concerns the same Mortgage and same parties, Plaintiffs refuse to acknowledge the existence of their parallel proceedings against Carrington. *See Violette I*, No. 2:26-cv-00064 (M.D. Ala. Jan. 28, 2026). In fact, the present case has followed the exact procedural and briefing history as *Violette I*, following mere weeks behind it. In both cases, Plaintiffs filed a complaint, Carrington removed the case, Plaintiffs moved to remand, Carrington opposed remand, Carrington filed a motion to dismiss, and Plaintiffs opposed the motion to dismiss. *See id.*

As Carrington points out in its Motion to Dismiss (Doc. 5, at 5), it is "well settled that a plaintiff 'may not file duplicative complaints in order to expand their legal rights.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (quoting *Greene v. H & R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010)). The rule against claim splitting is recognized in the Eleventh Circuit, and "requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Vanover*, 857 F.3d at 841 (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)); Doc. 5 at 5-6. Courts recognize that this rule is applicable "where a second suit has been filed before the first suit has reached a final

judgment.'" *Est. of Brannon by & through Brannon v. Young*, No. 2:24-CV-00683-RAH, 2025 WL 1057681, at \*4 (M.D. Ala. Apr. 8, 2025) (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021)); Doc. 5 at 6.

This is exactly what Plaintiffs have done. Plaintiffs' first suit has not reached a final judgment, yet they have brought a second suit concerning the same parties and issues less than two months after filing the first complaint. As explained in Carrington's Motion to Dismiss, the same Plaintiffs, Gregory Paul Violette and Barbara A. Violette, filed suit against the same defendants, arising from the same transaction and set of facts that are "sufficiently related in time, space, origin, and motivation" to constitute claim splitting. *See Kennedy*, 998 F.3d at 1236. In fact, Plaintiffs acknowledge that "[a]ll claims arise from the same transaction (mortgage enforcement)," *i.e.*, the same operative facts as *Violette I*. Doc. 9 ¶ II (F). While *Violette II* brings "new" claims for declaratory judgment, lack of standing/real party in interest, FDCPA violations, RESPA/Regulation X violations, equitable relief/prevention of wrongful foreclosure, and injunctive relief – these claims are not independent of those brought in *Violette I* and therefore, must be dismissed. *See* Doc. 1-1. Moreover, Plaintiffs have not refuted the fact that dismissal of this action is consistent with the rule against claim splitting, to shield defendants like Carrington from their "vexatious and duplicative litigation." *Kennedy*, 998 F.3d at 1236; Doc. 5, at 9.

Not only is Plaintiffs' Complaint a textbook example of claim splitting, but as described below, it also fails to state any claim as a matter of law and must be dismissed for this reason too.

### 2. Plaintiffs have not stated any viable cause of action against Carrington.

In opposition to Carrington's Motion to Dismiss Plaintiffs state that a "motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not the merits." Doc. 9 ¶ I. Plaintiffs then contend that Carrington's Motion "improperly[] [c]hallenges facts father than pleadings[,] and [s]eeks premature adjudication." *Id.* ¶ III. However, Carrington has not challenged facts because Plaintiffs have not pled any facts to challenge. *See* Doc. 1-1. Moreover, Plaintiffs assert they have "more than satisfied federal pleading standards." Doc. 9 ¶ III. As Plaintiffs acknowledged "[a]t this stage, the Court must: [a]ccept all factual allegations as true[,] [c]onstrue them in the light most favorable to Plaintiffs[,] [and] [d]raw all reasonable inferences in Plaintiffs' favor." *Id.* ¶ I. Carrington agrees, but again, Plaintiffs have not pled any facts in support of their claims. *See* Doc. 1-1. Thus, there are no facts to accept as true and construe in favor of Plaintiffs' claims, and the "court gives legal conclusions—*e.g.*, formulaic recitations of the elements of a cause of action—no presumption of truth." *Emrit v. Barkley*, No. 2:23-CV-17-RAH-SMD, 2023 WL 5517242, at *2 (M.D. Ala. Aug. 7, 2023), *report and recommendation adopted*, No. 2:23-CV-17-RAH, 2023 WL 5510304 (M.D. Ala. Aug. 25, 2023).

Ultimately, Plaintiffs' Complaint is lacking any well pled, specific factual allegations to support a claim for relief against Carrington. Plaintiffs squander the opportunity to rebut Carrington's position in their response, and instead reiterate the same fruitless, conclusory allegations that they believe support multiple claims for relief. Plaintiffs have made no considerable effort to support their claims or refute Carrington's reasons for seeking dismissal. As set out in Carrington's Motion to Dismiss, "[f]or a declaratory-judgment action to withstand a motion to dismiss there must be a bona fide justiciable controversy that should be settled." Doc. 5, at 9 (quoting *Woodgett v. City of Midfield*, 319 So. 3d 1231, 1235 (Ala. 2020)) (internal quotation marks omitted). The controversy must be "definite and concrete, touching the legal relations of the parties adverse in legal interest, and it must be a real and substantial controversy" requiring "specific relief" through a judgment. *Id.* (quoting *Ex parte Bridges*, 925 So. 2d 189, 192 (Ala. 2005) (in turn quoting Actions for Declaratory Judgments, Volume 1, § 14). Plaintiffs have failed to establish that a justiciable controversy exists entitling them to declaratory judgment.

Plaintiffs assert that an "actual controversy clearly exists" because "Plaintiffs dispute [Carrington's] authority" to enforce the Mortgage, and Carrington has "failed to validate or prove standing." Doc. 9 ¶ II (A). Plaintiffs maintain that these "controversies" entitle them to declaratory judgment pursuant to 28 U.S.C. § 2201 and Ala. Code §§ 6-6-220, *et seq. Id.* However, Plaintiffs never dispute they agreed

to the terms of the Mortgage – a mortgage in which Carrington was the original lender at the loan's inception. As already explained by Carrington, Plaintiffs "promised to…pay the debt in full" through monthly payments, and agreed that if they "breach [] any covenant or agreement" contained therein, Carrington may "at its option require immediate payment…*and may invoke the power of sale and any other remedies permitted by [a]pplicable [l]aw*." *Id.* (citing Ex. A ¶ 22) (emphasis added). Because a power of sale was expressly provided in Plaintiffs' Mortgage, there is no justiciable controversy as to whether Carrington, as the Lender, has the power to enforce it. *See id.* at 10-11. Despite Plaintiffs' conclusory assertion that "[f]ederal courts routinely recognize declaratory actions to determine: [a]uthority to enforce a note[,] [v]alidity of debt obligations[,] [and] [s]tanding in foreclosure contexts," they have cited no such authority or otherwise explained how any such determination is relevant to their action wherein they concede Carrington was, and remains, the lender. Doc. 9 ¶ II (A). For these reasons, Plaintiffs' declaratory judgment claim should be dismissed.

Additionally, Plaintiffs' response states that Carrington "incorrectly argue[s] that lack of standing is not a cause of action." Doc. 9 ¶ II (B). But simultaneously, Plaintiffs state that they are "not asserting 'standing' as a standalone claim—they are challenging [Carrington's] **right to enforce**, which is a legally cognizable issue." *Id.* Once again however, Plaintiffs provide no facts or applicable legal authority in

support of this position. Plaintiffs' response cites UCC § 3-301 and "Alabama foreclosure law" to assert that Carrington must demonstrate "[p]ossession of the note OR [l]egal authority to enforce it. *Id.*

Yet, as Carrington has already addressed, UCC § 3-301 does not create a legal obligation to produce a promissory note, nor does it provide a cause of action for failure to demonstrate authority to enforce a note. *See* Doc. 5, at 14 (citing *Allen v. Bank of Am., N.A.*, No. 1:11-CV-4029-RWS, 2012 WL 2839819, at *3 (N.D. Ga. July 10, 2012)). Moreover, "Alabama foreclosure law" does not provide a cause of action to require proof of claim prior to foreclosure, nor do Alabama courts permit "show me the note" arguments. *See* Doc. 5, at 12 (citing *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 697 (11th Cir. 2015) ("Alabama does not require production of the original instrument in order to institute foreclosure."); *Douglas v. Troy Bank & Trust Co.*, 122 So. 3d 181, 184 (Ala. Civ. App. 2012) (deeming the plaintiff's "show me the note" theory "suspect" and finding "no authority in which a nonjudicial foreclosure has been held invalid for failure to produce or present original documentation evidencing the underlying debt and security for repayment thereof")). Plaintiffs' opposition asserts that "Courts consistently allow borrowers to challenge" whether a party "[i]s the holder[,] [h]as enforcement rights[,] [or] [h]as enforcement authority," yet Plaintiffs provide no such examples. Plaintiffs concede this is not a standalone claim, and there is no justiciable controversy entitling

10

Plaintiffs to declaratory relief as to Carrington's "standing" or "right to enforce." Therefore, any such claim is due to be dismissed.

Plaintiffs attempt to save their FDCPA claim by arguing that whether Carrington is a "debt collector" is a "factual issue not suitable for dismissal." Doc. 9 ¶ II (C). In support of their claim, Plaintiffs state that "Courts have held mortgage servicers can fall under FDCPA where: [t]he loan was in default when servicing began." *Id.* However, because Carrington is named as the "Lender" on Plaintiffs' Mortgage, it is a factual and legal impossibility that it could somehow be a "debt collector" on that same mortgage by acquiring it after it was in default. *See* Doc. 5, at 16-17. As the originating lender, it is indisputable that Carrington is a creditor as defined under the FDCPA. *See id.*; 15 U.S.C. § 1692 (a)(4). Plaintiffs have failed to sufficiently oppose this issue, and the mere conclusory allegation that Carrington is a debt collector is insufficient to survive dismissal.

Plaintiffs make similar conclusory statements in support of their RESPA/Regulation X claim. Plaintiffs oppose dismissal of this claim by stating that they "submitted a Qualified Written Request (QWR) and/or Request for information (RFI) [and] [Carrington] failed to respond within statutory deadlines." Doc. 9 ¶ II (D). However, as set out in Carrington's Motion to Dismiss, such conclusory statements with simple recitations of law are insufficient to state a viable RESPA/Regulation X claim. *See* Doc. 5, at 17-20. Carrington does not "challenge

11

facts" as Plaintiffs' purport but instead points out Plaintiffs' multiple pleading deficiencies. To state a claim arising under RESPA, Plaintiffs must allege facts that show: (1) Carrington was a loan servicer; (2) Plaintiffs sent a *valid* QWR; (3) Carrington failed to adequately respond within sixty days; and (4) Plaintiffs suffered actual damages or otherwise have an entitlement to statutory damages. *See* Doc. 5, at 17-18 (citing *Patrick v. CitiFinancial Corp., LLC*, No. 3:15CV296-WHA, 2015 WL 3988860, at *3 (M.D. Ala. June 30, 2015)). Because Plaintiffs have not attached a QWR to the Complaint, they are required to "plead facts which show that their written request included the information required by 12 U.S.C. § 2605(e)(1)(B)." *Id.* Plaintiffs have failed to do so, and their opposition to dismissal merely restates RESPA's requirements, and the conclusions that a QWR was sent and Carrington failed to respond as required. *See* Doc. 9 ¶ II (D).

Further, Plaintiffs' assertion that a failure to respond "gives rise to" actual and statutory damages is inadequate to rebut Carrington's position that Plaintiffs have failed to identify any damages or a causal link between a purported violation and alleged damages. *See* Doc. 5, at 18-19 (citing *Tallent v. BAC Home Loans*, No. 2:12-cv-3719, 2013 WL 2249107, at *4 (N.D. Ala. May 21, 2013) at *5 ("The Eleventh Circuit has held that to state a claim under RESPA, a plaintiff must allege facts showing he suffered actual damages or is entitled to statutory damages. Additionally, . . . plaintiff must also allege a causal link between the claimed damages and

12

defendant's alleged RESPA violation.") (citations omitted). Plaintiffs' claim is insufficiently pled, and dismissal of this claim does not require any "facts" to be decided as Plaintiffs did not even allege any facts in connection with this claim. *See* Doc. 1-1; Doc. 9 ¶ II (D); Doc. 5, at 17-20. Due to these multiple shortcomings, Plaintiffs' RESPA/Regulation X claim should be dismissed.

Lastly, Plaintiffs have not demonstrated entitlement to equitable or injunctive relief. Opposing dismissal on the basis of "irreparable harm to property rights," "cloud on title," and an "ongoing threat of foreclosure" is simply not enough. *See* Doc. 9 ¶ II (E). First, as discussed above (and in detail in Carrington's Motion to Dismiss), any claim premised on "proof" of authority to foreclose fails as a matter of law. Therefore, Plaintiffs cannot demonstrate entitlement to "an order enjoining Carrington from initiating or continuing foreclosure activity until and until lawful standing and validation are established." Doc. 5, at 20 (citing Doc. 1-1). Second, Plaintiffs have failed to plead any element required to obtain injunctive relief. *See id.* at 20 ("[A] court may only grant injunctive relief if the plaintiff shows that: '(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel*

*v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). Plaintiffs cannot demonstrate a substantial likelihood of success on the merits of their claims, Plaintiffs' conclusory statement that they face "irreparable harm" is insufficient, Plaintiffs do not address any factors weighing in favor of injunctive relief, and Plaintiffs failed to address any potential adverse public interest. *Id.*; *see* Doc. 9 ¶ II (E). Consequently, Plaintiffs' claims for relief are due to be dismissed.

**3. This Court should not provide Plaintiffs with leave to amend the Complaint.**

"Generally, a pro se plaintiff must be afforded at least one opportunity to amend his complaint if (1) the plaintiff does not clearly indicate a lack of desire to amend and (2) a more carefully drafted amended complaint might, with more specific allegations against the proper defendant, state a claim upon which relief could be granted." *Pugh v. Bonds*, No. 2:25-CV-77-BL-SMD, 2025 WL 4236431, at *3 (M.D. Ala. Nov. 17, 2025), *report and recommendation adopted*, No. 2:25-CV-00077-BL, 2026 WL 451412 (M.D. Ala. Feb. 17, 2026) (citing *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)). However, "a district judge need not allow an amendment where amendment would be futile." *Id.* (quoting *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014)).

A court can—and this Court should—consider the "litigant's history of bringing unmeritorious litigation when analyzing the question of frivolousness." *Emrit*, 2023 WL 5517242, at *1 (internal quotation mark omitted) (quoting *Bilal v.*

*Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001)). This Court is not unfamiliar with serial litigants, including Plaintiff Gregory Paul Violette. Recently, this Court denied a serial *pro se* litigant an additional an opportunity to amend where there was "no indication that…if afforded another opportunity to amend... [the complaint] would suddenly comply with the Federal Rules of Civil Procedure." *Pugh*, 2025 WL 4236431, at \*3. In *Pugh*, despite prior opportunities to amend, plaintiff still "filed the same or similar nonsense that does not comply with the Federal Rules of Civil Procedure" *Id.*

Moreover, as this Court has been made aware on multiple occasions now, Plaintiff Gregory Paul Violette is a serial litigant with extensive history of civil litigation in state and federal courts. As in *Violette I*, this action is not brought by the typical *pro se* litigants that should be afforded leniency in stating their claims. Conversely, having initiated an excessive number of lawsuits—including a nearly identical proceeding against Carrington in this same Court—Plaintiff Gregory Paul Violette is not only familiar with the pleading standards, but experienced. Plus, Plaintiffs' have not explicitly requested leave to amend the Complaint as they did in *Violette I*, but instead request that this action go ahead and "proceed to discovery." Doc. 9 ¶ III; *see Violette I*, at Doc. 11.

Plaintiffs have demonstrated to this Court that they will continue to file complaints against Carrington and other financial services institutions despite

15

repeated failures to state any cause of action. Plaintiffs continue to abuse the limited time and resources of this Court, and courts across the county, with their frivolous filings and therefore, no leave to amend should be provided.

## **CONCLUSION**

**WHEREFORE**, premises considered, and because Plaintiffs have failed to provide sufficient opposition to avoid dismissal, Carrington respectfully requests that the Court grant its Motion and dismiss with prejudice each and every claim asserted against it by Plaintiffs for impermissible claim splitting and failure to state a claim, pursuant to Rule 12(b)(6) and 8 of the Federal Rules of Civil Procedure.

Respectfully submitted, this 28th day of April, 2026.

/s/ Jon Patterson
Jon Patterson (PAT066)
Camryn Sandoval (SAN101)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jpatterson@bradley.com
csandoval@bradley.com
*Attorneys for Defendant Carrington Mortgage Services, LLC*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2026, this pleading was e-filed and further that I served a copy of the foregoing via first-class U.S. Mail, postage prepaid, to the following:

Gregory Paul Violette
Barbara A Violette
19992 Airport Road
Andalusia, AL 36421

*Pro se Plaintiffs*

*/s/ Jon Patterson*
OF COUNSEL

17